IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-3188-D

| | |
|---|---|
| THOMAS M. FOLLMER, | ) |
| Plaintiff, | ) |
| v. | )     **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

On August 8, 2024, Thomas M. Follmer ("Follmer" or "plaintiff"), a federal inmate proceeding pro se and in forma pauperis, filed a verified complaint seeking relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, for inadequate medical care [D.E. 1, 4, 6]. On November 1, 2024, the court reviewed the action pursuant to 28 U.S.C. § 1915A and allowed it to proceed [D.E. 8].

On February 6, 2025, defendant filed a motion to dismiss [D.E. 15] and a memorandum and exhibits in support of the motion [D.E. 16]. On the same date, the court notified Follmer about the motion to dismiss, the response deadline, and the consequences of failing to respond [D.E. 17]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On March 18, 2025, Follmer responded in opposition. See [D.E. 22]. On April 1, 2025, defendant replied [D.E. 23]. As explained below, the court grants defendant's motion to dismiss, and denies Follmer's remaining motions concerning issues with his mail [D.E. 24, 25].

I.

Follmer is incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). See Orr Decl. [D.E. 16-1] ¶ 4. The allegations of Follmer's complaint arose at the Federal Correctional Center in Butner, North Carolina ("Butner"), where he was incarcerated from May 21, 2022, through October 21, 2024. See Compl. [D.E. 1] ¶¶ 4, 6–8; Orr Decl. ¶ 5. Follmer "is a [d]iabetic and . . . does not feel pain when an injury takes place." Compl. ¶ 6. In June 2020, Follmer "noticed that his [r]ight [b]ig [t]oe was turning black and reported it to FCI/Butner Medical Staff" multiple times. Id. at ¶ 7. Follmer alleges the Butner medical staff ignored his reports. See id. Follmer's condition worsened, and in January 2024, Butner staff transferred him to the medical center. See id. There, doctors "discovered that [Follmer] had broken bones that had caused [an] infection" and that Follmer would need surgery "to correct the bones that had been allowed to heal wrong." Id. at ¶ 7; cf. Pl. Decl. [D.E. 22] 3–7, 10 (describing a different timeline, diagnosis, and course of medical treatment).

On January 20, 2024, Follmer completed and signed an administrative tort claim form ("SF-95 form"). See [D.E. 1-1] 2–3. Follmer asserts that he "filed [the SF-95 form] with BOP by mailing to BOP/ Regional Office at FMC Butner, P.O. Box 1600, Butner, North Carolina, 27509." Id. at 1; cf. 28 C.F.R. § 543.31(c). Citing "a typo on the date[,]" a prison counselor "rejected acceptance of the claim and [Follmer] had no time to correct it as [he] was trying to get [his] claim to the court." Pl. Decl. at 2. During his incarceration at Butner, Follmer successfully filed three SF-95 forms with the BOP's Mid-Atlantic Regional Office. See Orr Decl. ¶¶ 9–13. The claims are unrelated to the allegations of his complaint. See id. "A review of the BOP's official administrative tort claim system indicates that [these three] claims . . . are the only administrative tort claims" that the BOP received from Follmer. Id. at ¶ 13.

2

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted), abrogated on other grounds by Riley v. Bondi, 145 S. Ct. 2190 (2025); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80. "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see, e.g., Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

The United States argues that this court lacks jurisdiction because Follmer failed to exhaust his administrative remedies before filing suit. [D.E. 16] 5–9. The FTCA provides:

> An action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a); see 28 C.F.R. § 543.32(i). Section 2401(b) provides that "[a] tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); see United States v. Wong, 575 U.S. 402, 405 (2015); United States v. Wheeler, 886 F.3d 415, 424 (4th Cir. 2018), overruled on other grounds by Bell v.

3

Streeval, __ F.4th __, 2025 WL 2233207 (4th Cir. 2025). Section 2401(b)'s requirement is not jurisdictional and may be equitably tolled. See Wong, 575 U.S. at 410–12, 420. Nonetheless, failure to administratively exhaust an FTCA claim under section 2675(a) is a jurisdictional defect, depriving a district court of subject-matter jurisdiction. See McNeil v. United States, 508 U.S. 106, 113 (1993); Est. of Van Emburgh ex rel. Van Emburgh v. United States, 95 F.4th 795, 800, 803 (4th Cir. 2024); Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000); Plyler v. United States, 900 F.2d 41, 42–43 (4th Cir. 1990).

Follmer relies on the "factual merit" of his case and the medical treatment he received when he transferred to FMC Lexington. Pl. Decl. at 11 (cleaned up). These arguments do "not exempt [Follmer] from the FTCA's express statutory requirement that all claims be presented . . . before initiating a FTCA lawsuit in this Court." Smith v. United States, No. 6:23-CV-00078, 2024 WL 4218850, at *8 (W.D. Va. Sept. 17, 2024) (unpublished). Follmer's three exhausted administrative tort claims did not place defendant on notice of the claims he alleges in his complaint. See Orr Decl. ¶¶ 9–13. The record establishes conclusively "that the FBOP did not receive the administrative tort claim" Follmer attached to his complaint. Adeyola v. Reddy, 718 F. Supp. 3d 464, 474–75 (E.D.N.C. 2024), appeal filed, No. 24-1244 (4th Cir. Mar. 25, 2024); see Smith, 2024 WL 4218850, at *9. Moreover, the record conclusively demonstrates that Follmer had access to the administrative process and knew how to file a tort claim. See Smith, 2024 WL 4218850, at *8; Sanchez-Mercedes v. Bureau of Prisons, 453 F. Supp. 3d 404, 424 (D.D.C. 2020), aff'd, No. 20-5103, 2021 WL 2525679 (D.C. Cir. June 2, 2021) (per curiam) (unpublished). Thus, the court grants defendant's motion to dismiss.

II.

In sum, the court DENIES plaintiff's motions [D.E. 24, 25]. The court GRANTS defendant's motion to dismiss [D.E. 15] and DISMISSES WITHOUT PREJUDICE the action for lack of subject-matter jurisdiction. The clerk shall close the case.

SO ORDERED. This 21 day of August, 2025.

JAMES C. DEVER III
United States District Judge